**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES C. BLANKENSHIP and
CHRISTINE MARIE JOHNS,

                **Plaintiffs,**

-vs-                                    **Case No.  6:09-cv-1152-Orl-31DAB**

LOUISVILLE LADDER, INC.,

                **Defendant.**

_____

# ORDER

This matter comes before the Court on the Emergency Motion to Compel Expert Discovery

(Doc. 127) filed by the Defendant, Louisville Ladder, Inc. ("Louisville Ladder") and the response

(Doc. 130) filed by the Plaintiffs.  The Defendant seeks to compel the Plaintiffs to turn over certain

emails sent by a non-testifying expert, Lou Barbe ("Barbe"), to a testifying expert, Sherrill Biggers

("Biggers").[1]  Louisville Ladder also seeks to compel the Plaintiffs to turn over the results of

certain computer simulations that Biggers performed after the cutoff for discovery.

Rule 26(a)(2)(B)(ii) requires that testifying experts disclose all facts and data they

considered in forming an opinion.  Initially, it appeared that the Plaintiffs were refusing to turn

over the Barbe emails on the grounds that Biggers had not *relied* upon them in forming any of his

opinions.  Consideration, rather than reliance, is the proper standard for disclosure by a testifying

expert such as Biggers.  *See*, *e.g.*, *Employees Committed for Justice v. Eastman Kodak Co.,* 251

---

[1]It appears from the record that Barbe retained Biggers for this case.

F.R.D. 101, 104 (W.D.N.Y., 2008.)  Subsequently, in their response to this motion, the Plaintiffs

specified that Biggers did not *consider* the Barbe emails in formulating his opinions.  (Doc. 130).

The excerpts from Biggers's deposition, which Louisville Ladder attached to its motion (Doc. 127-

1), are consistent with this contention.  Although Biggers refers in those excerpts to having

received emails from Barbe, he does not suggest that the emails contained facts or data that he

took into consideration in crafting his expert report.  Accordingly, the Court will not compel the

Plaintiffs to turn over the Barbe emails.

As for the computer simulations, they were performed after the expert discovery cutoff and

after Biggers's deposition.[2]  (Doc. 130 at 4).  Biggers could not have considered them in

formulating the opinions contained in his report or in his deposition testimony.  Moreover,

although Biggers did address the simulations at his *Daubert* hearing, the Plaintiffs contend that

they will not use the tests as a basis for Biggers's opinions at trial.  (Doc. 130 at 4).  The Court

notes that the Plaintiffs did not question Biggers about those tests at the *Daubert* hearing; their

existence only came to light in response to cross-examination by Louisville Ladder.

Because the tests were performed after the deadline, the Plaintiffs will not be permitted to

utilize them at trial, either by directly discussing them or by having Biggers or any other witness

base an opinion upon them.  If the Court thought that the simulations had been performed after the

deadline to avoid disclosure if the results were harmful to the Plaintiffs' case, the motion to

compel would be granted.  After considering the circumstances, however, the Court finds that the

---

[2]The Plaintiffs contend that Biggers, who has little experience as a testifying expert or familiarity with the procedures and deadlines of federal litigation, performed the tests after the discovery cutoff simply out of intellectual curiosity.  (Doc. 130 at 4 n.4).

failure to abide by the deadlines was an innocent mistake and does not warrant compelled disclosure.

In consideration of the foregoing, it is hereby

**ORDERED** that the Emergency Motion to Compel Expert Discovery (Doc. 127) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 5, 2011.

_____

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party

-3-